## Commonwealth *v.* Nace, Appellant.

*Criminal law—Highway robbery—Evidence—Review.*

A conviction for highway robbery will not be reversed where it appears that although the defendant produced several witnesses to testify that at the time when the crime was said to have been perpetrated, the defendant was elsewhere, the prosecutor identified the defendant as the person who had robbed him, that there was found on the defendant after his arrest a marked note exactly similar to one which had been in the possession of the prosecutor, and that the defendant had been trailed by a bloodhound, trained for that purpose, from a place at the road about where the crime was perpetrated to his home.

Argued Nov. 9, 1914.   Appeal, No. 246, Oct. T., 1914, by defendant, from judgment of O. & T. Huntingdon Co., Feb. Sessions, 1914, No. 5, on verdict of guilty in case of Commonwealth v. Blain H. Nace.   Before RICE, P. J., ORLADY, HEAD and KEPHART, JJ.   Affirmed.

Indictment for highway robbery.  Before Woods, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were various instructions, quoting them.

*Richard W. Williamson*, for appellant.

*W. M. Henderson*, with him *Charles C. Brewster*, district attorney, for appellee.

Opinion by Head, J., February 24, 1915:

The appellant was indicted for and convicted of highway robbery.  The several assignments of error raise no question as to the correctness of any ruling made by the learned court below in the progress of the trial.  The controlling questions in the case were wholly questions of fact.  The prosecutor was the regular collector of the firm by which he was employed, and visited the patrons of that firm in a sparsely settled section of the country on regular known days.  According to his testimony, he had collected on the day in question something over $300 in money.  He testifies that towards evening, while driving along the public highway, he was held up by a man armed with a rifle who compelled him to throw upon the road the money he had collected and then drive away.  He was acquainted with the person of the defendant, had seen him just shortly before the commission of the crime, and testified positively that by voice, by clothing, and the appearance of the man, he was able to identify him as the defendant on trial.  There was a considerable amount of relevant, corroborating testimony, all of which, if believed by the jury, furnished ample warrant for their conclusion that the crime charged had been committed and that the defendant was the person who committed it.  He, on the other hand, produced witnesses to testify that, at the

time when the crime was said to have been perpetrated, he was elsewhere. In a word, the theory of the defendant was that the prosecutor had himself embezzled the money of his employer and had endeavored to frame up the crime alleged as an excuse for his inability to account for what he had received.

A full review of the evidence, in this opinion, would serve no good purpose. The credibility of the witnesses was wholly for the jury. It is sufficient for us to say that a careful reading of the record at once leads us to the conclusion that every necessary ingredient of the crime was proven by evidence which the jury has stamped as credible. There was evidence that the defendant was found, when arrested, in the possession of a twenty dollar gold certificate, with a private mark on it, exactly similar in every respect to one that had been paid to the prosecutor by a disinterested witness but a little while previous to the commission of the offense. There was evidence, admitted without objection, that defendant had been trailed by a bloodhound, trained for that purpose, from a place at the road about where the crime was perpetrated to his own home. Following our ruling in Commonwealth v. Hoffman, 52 Pa. Superior Ct. 272, this testimony was admissible. The learned trial judge in his charge attached to it no great amount of significance and passed it over with the simple remark that it was a circumstance that might be considered by the jury. He repeatedly instructed the jury they were not to accept the evidence as it might be described by him in a necessarily hasty and general review of it, but were to be guided by their own recollection of what was said by each witness as he appeared upon the stand. Proper instructions on the question of reasonable doubt were given, and there is no complaint of the charge in this respect. Several times during the progress of the charge the able counsel for the defendant called the attention of the trial judge to some question of fact that, in his judgment, would make weight for the

defendant, and in each instance, as we view it, the matter was properly laid before the jury.

We are satisfied,.after an attentive examination of the entire record, the case was well tried and the verdict and judgment ought not to be disturbed.    The assignments of error are all overruled.

The judgment is affirmed, and it is ordered that the defendant appellant appear in the court below, at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it that had not been performed at the time this appeal became a supersedeas.